The State, ex rel. Muter et al., *v.* Mercer County
Board of Education.

(No. 502—Decided May 2, 1959.)

*Mr. Edward S. Noble,* for relators.
*Mr. R. Dean James,* for respondent.

Middleton, J. This is an action in mandamus originating in this court, in which proceeding the relators seek a writ to require the respondent, the Mercer County Board of Education, to transfer the territory described in the petition from the Franklin Local School District to the Celina City School District, in accordance with the provisions of Section 3311.261 of the Revised Code.

Relators allege that the respondent received a petition containing the signatures of more than 75 per cent of the qualified electors voting at the last general election residing within the Franklin Township, Mercer County, Ohio, school district, requesting the transfer of the territory described in the petition from the Franklin Local School District to the Celina City

School District; and that the area described in the petition was all of that territory constituting what is now known as the Franklin Local School District, as shown in the records of the Mercer County School Board, Celina, Ohio, it being the intention of the petitioners to have transferred the entire Franklin Local School District to the Celina City School District. A map showing the boundaries of that school district was filed with the petition.

Relators claim that, upon receipt of the petition, it was a mandatory duty of the Mercer County Board of Education to transfer such school district, all as set forth in Section 3311.261 of the Revised Code, pertaining to the consolidation of school districts; and that the respondent has willfully disobeyed and disregarded the mandatory requirements imposed upon it by Section 3311.261 of the Revised Code. The petition contains a prayer that a writ of mandamus issue against the respondent requiring it to act in accordance with the provisions set forth in the petition and transfer the Franklin Local School District to the Celina City School District.

The respondent, in its answer, admits that it received a petition requesting the transfer of the Franklin Local School District to the Celina City School District, and further admits that a map showing the boundary of such school district was filed with the petition; that it received the petition at its regular meeting on Monday, November 24, 1958; that it immediately and diligently acted according to law and as expeditiously as possible in an effort to determine the validity and sufficiency of the signatures contained on the petition; that, upon its completion of the investigation to determine the validity and sufficiency of the signatures, it found that the petition contained signatures of qualified electors of the district equal in number to only 72 per cent of the qualified electors voting at the last general election residing in the Franklin Local School District; that the number of signatures on the petition does not constitute the statutory number of signatures, making it mandatory for the county board of education to approve the requested transfer; and that the number of signatures places the petition within the statutory provision granting the county board of education authority to exercise its discretion in determining whether

the transfers should be made as requested. The answer contains a prayer that a writ of mandamus be denied and that judgment be rendered approving the action taken by the Mercer County Board of Education.

The cause was submitted to the court upon a stipulation of facts entered into by the respective parties, as follows:

"The parties to this action, by their counsel duly authorized, hereby stipulate and agree that the following are all the material facts involved in this controversy, and that the same shall be submitted to the court for decision without other evidence to be offered by either party:

"1. Franklin Local School District is a school district having only one (1) elementary school consisting of one eight (8) room school, situated in the village of Montezuma, Ohio, with an enrollment of 213 pupils.

"2. On November 24, 1958, at a regular meeting of the Mercer County Board of Education, citizens Harold Muter, Lyle Lacy, Kenneth McQueen, Donald Colson, represented by counsel, Edward S. Noble, presented a petition with a map of the territory sought to be transferred:

"a. That the petition was captioned as follows:

"'Petition

"'To: The Mercer County Board of Education, Celina, Ohio.

"'The undersigned, constituting qualified electors residing within the school district described below, do each hereby petition the transfer of the following described territory from the Franklin Local School District, as shown in the records of the Mercer County School Board, Celina, Ohio. It is the intent of the petitioners to have transferred the entire Franklin Local School District to the Celina City School District.

"'This petition is signed and filed under authority of Section 3311.261 of the Ohio Revised Code.'

"b. That the petition contained 397 signatures.

"c. That at the regular meeting on November 24, 1958, the petitioners' committee advised the board that four (4) signers had signed petitions while out of town and had placed them in the mail and would be filed late. The board approved the late filing; these four (4) signatures were forwarded to the super-

intendent of schools, November 24, 1958. Received by the board, November 27, 1958.

"3. That the number of those voting at the November 4, 1958, general election in the Franklin Local School District was 520.

"4. That the petition containing 397 names filed on November 24, 1958, with the late four (4) signatures, all were filed under the provisions of Section 3311.261 of the Ohio Revised Code.

"5. At the Monday, November 24, 1958, meeting, the Mercer County Board of Education requested the opinion of the prosecuting attorney regarding their responsibilities under Section 3311.261 of the Ohio Revised Code.

"6. On Wednesday, November 26, 1958, the county superintendent met with the prosecuting attorney and discussed the problems involved, and was instructed how the board was to proceed. The superintendent contacted the board members individually Wednesday afternoon.

"7. The board was not able to meet as a board until Monday, December 1, 1958, at which time a special meeting convened; and the check of the validity and sufficiency of the signatures on the petition was commenced.

"8. A withdrawal requesting removal of signatures from a certain petition submitted to the Mercer County Board of Education under Section 3311.261 to annex all of Franklin Township School District to Celina Exempted School District, Mercer County, Ohio, was filed at a special meeting of the board on December 1, 1958.

"9. That all signatures to the petition containing 401 names received on November 24, and all signatures to the withdrawal request containing 27 names received December 1, were genuine signatures and were the signatures of qualified electors of Franklin Township Local School District.

"10. That the signatures contained on the withdrawal request received on December 1, containing 27 names, were also contained on the petition filed November 24, and were included in the 401 signatures received.

"11. The Board of Education of Mercer County accepted the withdrawal request containing 27 signatures, at a special meeting on December 5, 1958.

"12. That the minutes of the meetings of the Mercer County Board of Education, which are submitted as exhibits for the court's consideration, are the actual minutes of the meetings of said board, and that said minutes accurately reflect the actions of the Mercer County Board of Education referred to therein.

"Dated this 23rd day of January, 1959."

The questions which present themselves to this court for determination are:

1. The right of signers of the petition for transfer to withdraw their signatures from the petition before it is acted upon by the board of education, thereby reducing the required number of signatures to less than 75 per cent as provided in the Code.

2. Whether the petition was properly filed by relators and whether the procedure set out in the Code was followed subsequent to the filing of the petition for transfer.

The Legislature, in 1957, passed an act (127 Ohio Laws, 204) repealing certain sections, amending other sections, and enacting certain new sections in Chapter 3311, Revised Code, relating to school districts. This act took effect January 1, 1958. This act amended Section 3311.22, and enacted Section 3311.231, Revised Code; amended Section 3311.26, and enacted Section 3311.261. It amended Section 3311.22, Revised Code, and, insofar as it relates to questions involved in the litgation now before the court, provides as follows:

"A county board of education may propose, by resolution adopted by majority vote of its full membership, or qualified electors of the area affected equal in number to at least fifty-five per cent of the qualified electors voting at the last general election residing within that portion of a school district, or districts proposed to be transferred may propose, by petition, the transfer of a part or all of one or more local school districts to an adjoining district or districts within the county school district. Such proposal shall include an accurate map showing the area proposed to be transferred. Said petition shall be filed at the office of the county superintendent of schools. The county superintendent shall cause the board of elections to check the sufficiency of signatures on said petition and shall present the petition to the county board at the next meeting of said board

which occurs not later than thirty days following the filing of the petition. If no meeting is scheduled within that period, the superintendent shall call a special meeting of the board in accordance with Section 3313.16 of the Revised Code, for the purpose of receiving the petition. Signatures on the petition may be withdrawn only by order of the board upon testimony of the petitioner concerned under oath before the board that his signature was obtained by fraud, duress, or misrepresentation."

Section 3311.231, Revised Code, insofar as it relates to questions before the court, provides as follows:

"A county board of education may propose, by resolution adopted by majority vote of its full membership, or qualified electors of the area affected equal in number to not less than fifty-five per cent of the qualified electors voting at the last general election residing within that portion of a school district proposed to be transferred may propose, by petition, the transfer of a part or all of one or more local school districts within the county to an adjoining county school district or to an adjoining city or exempted village school district. Said petition shall be filed at the office of the county superintendent of schools. The county superintendent shall cause the board of elections to check the sufficiency of signatures on said petition and shall present the petition to the county board of education at the next meeting of said board which occurs not later than thirty days following the filing of the petition. If no meeting is scheduled within that period, the superintendent shall call a special meeting of the board in accordance with Section 3313.16 of the Revised Code for the purpose of receiving the petition. Signatures on the petition may be withdrawn only by order of the board upon testimony of the petitioner concerned under oath before the board that his signature was obtained by fraud, duress, or misrepresentation. Any county board of education may accept a transfer of territory from another county school district or from a city or exempted village school district and annex such territory, subject to the approval of the receiving district board of education, to a contiguous local school district of the county school district."

Section 3311.261, Revised Code, provides, in part, as follows:

"Notwithstanding Sections 3311.22, 3311.23 and 3311.26 of the Revised Code, until January 1, 1959, a county board of education may consolidate a school district having only an elementary school or schools with one or more adjoining local, exempted village, or city school district or districts having a high school, upon receipt of a petition requesting such consolidation signed by qualified electors of the district equal in number to at least fifty-five per cent of the qualified electors voting at the last general election residing within such elementary school district. If such petition is signed by qualified electors of the district equal in number to at least seventy-five per cent of the qualified electors voting at the last general election residing within such elementary school district the county board of education shall make such transfer. Such transfer shall be subject to the approval of the board or boards of education to which the district is being transferred."

The above sections were enacted at one time and were all in effect at the time the petition for transfer was filed, and they must be construed together as they are admittedly *in pari materia*. Section 3311.261, Revised Code, is silent as to the right of a signer to a petition for transfer to withdraw his signature from the petition. In the absence of any statutory rule governing the right to withdraw signatures, then the common-law rule applies, and signers of the petition have a right to withdraw their signatures at any time before any official action is taken upon the petition. If this rule were herein applied the withdrawal of the 27 signatures would reduce the number of signers to below the 75 per cent, requiring the respondent to make the transfer, and a writ of mandamus would be denied. However, if the proceedings for withdrawal of signatures outlined in Sections 3311.22 and 3311.231 apply to the withdrawal of signatures to a petition filed under Section 3311.261, then, in the instant case, those signers requesting that their signatures be withdrawn from the petition requesting a transfer did not comply with the statute and their attempt to withdraw their signatures was ineffective and their signatures must be counted in arriving at the number of signers which would require the board of education to transfer the territory as requested in such petition.

It is the opinion of the court that the provisions set forth in Section 3311.22 and Section 3311.231, Revised Code, relating to the right of signers to a petition to withdraw their signatures, apply with equal force to a petition filed under Section 3311.261.

The stipulations show that the requirements of the statute relating to withdrawal of signature were not followed in the case at bar.

We hold, therefore, that the petition requesting the transfer of territory described in the petition contained signatures equal in number to at least 75 per cent of the qualified electors voting at the last general election residing within such district.

If the provisions of Sections 3311.22 and 3311.231, Revised Code, in part, apply with equal force to a petition filed under Section 3311.261, it must follow that all provisions of these sections apply with equal force unless there is some definite exception or contradiction in Section 3311.261 which prevents such application. The only exception found in this section is that providing that, "notwithstanding Sections 3311.22 and 3311.23 [*sic*], and 3311.26," until January 1, 1959, on receipt of a petition signed by 55 per cent of qualified electors, the board may transfer a school district having only an elementary school or schools, with one or more school districts having a high school, and upon the receipt of a petition signed by 75 per cent of the qualified electors, the board must transfer such territory.

The use of the word "notwithstanding" serves to except from the election requirements of Sections 3311.22, 3311.23 (apparently intended by the Legislature to be 3311.231), and 3311.26, consolidations of districts having only an elementary school with adjoining districts having a high school, and does not serve to except such consolidations or transfers from the general procedural provisions of Sections 3311.22, 3311.231 and 3311.26, as appropriate, except to the extent that the special procedural provisions of Section 3311.261 are inconsistent therewith.

Both Section 3311.22 and Section 3311.231 provide for the filing of a petition for transfer at the office of the superintendent of schools. The superintendent then shall cause the board of elections to check the sufficiency of signatures on the petition and shall present the petition to the county board of education

at the next meeting of the board which occurs not later than thirty days following the filing of the petition. If no meeting is scheduled within that period, the superintendent shall call a special meeting of the board in accordance with Section 3313.16 of the Revised Code for the purpose of receiving the petition. The record in this case discloses that the petition was filed directly with the board of education. The superintendent of schools did not cause the board of elections to check the petition, and no check of the sufficiency of the petition was made by the board of elections. However, a check of the sufficiency of the petition was made by the board of education.

It is, therefore, apparent that none of the provisions for the filing of a petition or for checking the qualifications of the signers to the petition have been complied with. The petition was not filed at the office of the superintendent, as directed. The board of elections is the only body authorized by statute to pass upon the sufficiency of the signatures on the petition; no such authority is given the board of education. The sufficiency of the signatures on the petition has not been checked by the board of elections, and, after such a check, the petitions presented to the board of education for action; nor did any petitioner have the opportunity afforded by the provisions of Sections 3311.22 and 3311.231 of seeking withdrawal of his signature in the manner therein provided. The procedure outlined in the statute has not been complied with, and the board of education does not have legally filed with it the petition for transfer, which they are legally required to or legally permitted to act upon. All acts taken by the board of education upon the petition filed are contrary to the statute and are invalid. However, whether the provisions of Sections 3311.22 and 3311.231 do or do not apply to Section 3311.261 as being *in pari materia*, in either event, a writ of mandamus must be denied. For the reason herein given, the prayer for a writ of mandamus is denied.

*Writ denied.*

GUERNSEY, J., concurs.

FESS, J., concurring. It is a fundamental rule of statutory construction that sections of an act *in pari materia* and all parts

thereof should be construed together and compared with each other and that no one section should be singled out for consideration apart from other sections of a statute. Recourse is had to the several sections for the purpose of arriving at a correct interpretation of any particular section in order to ascertain and carry into effect the intention of the Legislature. But the necessity of applying the rule exists only where the terms of the statute to be construed are ambiguous or its significance doubtful. 37 Ohio Jurisprudence, 599-609, Section 332 *et seq.*; 50 American Jurisprudence, 343-345, Section 348.

Section 3311.261, Revised Code, pursuant to which the petition for consolidation was filed, has no provision similar to that found in Sections 3311.22 and 3311.231 prescribing that signatures on a petition filed pursuant thereto may be withdrawn only by order of the board upon sworn testimony. Whether the absence of this provision in Section 3311.261 is attributable to an oversight on the part of the Legislature, or was intentional, the omission may not be supplied from Sections 3311.22 or 3311.231 under the guise of judicial interpretation. In my opinion, Section 3311.261 is not ambiguous in the respects asserted by relators. The section just does not contain any provision regarding the processing of the petition, such as checking the validity of signatures and the addition or withdrawal of signatures.

It is significant that Section 3311.24, Revised Code, enacted in 1955 (126 Ohio Laws, 655, 670) and not amended in 1957, provides for transfer of territory to an adjoining city, exempted village or county school district upon petition signed by 75 per cent of the qualified electors without a referendum vote. This section likewise contains no provision with respect to withdrawal of signatures. The procedure provided in Section 3311.261 for annexation without a referendum upon a petition signed by 75 per cent of the electors without any provision relating to withdrawal of signatures is thus similar and consistent in this respect to the lack thereof in Section 3311.24. Absent such provision, under the rule at common law, the signers of a petition for transfer under Section 3311.261 may withdraw their signature at any time prior to the taking of any official action thereon by the board. *Lynn* v. *Supple, Clerk*, 166 Ohio St., 154,

140 N. E. (2d), 555; *State, ex rel. Endress,* v. *Wellington, Clerk,* 166 Ohio St., 166, 140 N. E. (2d), 563; *State, ex rel. Wilson,* v. *Board of Education of Shelby County School Dist.,* 166 Ohio St., 260, 141 N. E. (2d), 289 (construing the provisions of Section 3311.23, Revised Code, prior to its 1957 amendment effective January 1, 1958). Therefore, there is no showing of abuse of discretion on the part of respondents in permitting the withdrawal of the 27 signatures or that respondents have refused to perform an act which the law specially enjoins as a duty resulting from their offices as members of the Board of Education.

I concur in the judgment denying the writ.

Fess, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.